IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GUSTAVO ARIAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-00418-L |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Motion for Summary Judgment (Doc. 10), filed October 22, 2018; Plaintiff's Response to Defendant's Motion for Summary Judgment (Docs. 15 and 16), filed November 27, 2018; and Defendant's Reply in Support of Its Motion for Summary Judgment (Doc. 18), filed December 10, 2018. After carefully considering the motion, briefs, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment (Doc. 10) to the extent herein set forth. The court **orders** that a supplement be filed to Defendant's Motion for Summary Judgment, as one of the grounds for relief asserted in Plaintiff's Original Petition (the "Petition") was not addressed.

**I.   Factual and Procedural Background**

On October 20, 2009, Gustavo Arias ("Plaintiff" or "Arias") executed a Note (the "Note") for a loan in the amount of $92,297 to purchase property at 1737 Beauford Road, Dallas, Texas, 75253 (the "Property").[1] Pl.'s Original Pet., Doc. 1-4 at 3; Def.'s App., Doc. 12 at 9-10. The Note designated NTFN, Inc. ("NTFN") as the original lender, and Wells Fargo Bank, N.A. ("Defendant"

---

[1] The legal description of the Property is: Lot 22B, in Block B/8827, of Vad Addition, Phase One, an Addition to the City of Dallas, Dallas, County, Texas, according to the map thereof recorded under CC# 20080185319 of the Real Property Records of Dallas County, Texas. Pl.'s Pet., Doc. 1-4 at 3.

**Memorandum Opinion and Order – Page 1**

or "Wells Fargo") as the mortgage servicer of the loan. Def.'s App., Doc. 12 at 9-10. In connection with the Note, Arias executed a security instrument (the "Deed of Trust") to secure repayment of the Note with the Property, which designated Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for NTFN. Def.'s App., Doc. 12 at 86-96. The Deed of Trust provides that the lender may accelerate the debt in the event of payment defaults, and it sets forth procedures for foreclosure proceedings. Def.'s App, Doc. 12 at 90, 92-93 (Provisions 9(a) and 18 of the Deed of Trust). On September 19, 2011, MERS executed a corporate assignment of the Deed of Trust to Wells Fargo, assigning "the full benefit of all the powers and of all the covenants and provisio[n]s therein contained." Def.'s App., Doc. 12 at 99.

On September 15, 2017, Wells Fargo mailed Arias a letter ("Notice of Default") informing him that he was delinquent on his loan in the amount of $1,635.62 and, unless the payment was made by October 20, 2017, Wells Fargo would require immediate payment of the full loan amount pursuant to the Deed of Trust. Def.'s App., Doc. 12 at 58. The Notice of Default further informed Arias that, if acceleration were to occur, Wells Fargo might "take steps to terminate [his] ownership in the property by a foreclosure proceeding, which could result in Lender or another person acquiring ownership of the property." *Id*. Arias received the Notice of Default. Def.'s App., Doc. 12 at 76 (Request for Admission Nos. 12-13, signed on July 30, 2018). As Arias admitted he received the Notice of Default and does not argue that he was unlawfully deprived of an opportunity to cure the default payments within the time period required by law, the date of receipt is of no moment.

Arias failed to cure the default by the deadline and, as a result, Wells Fargo mailed him a Notice of Acceleration ("Notice of Acceleration") on December 26, 2017, which Arias admitted he received. Def.'s App., Doc. 12 at 66; Def.'s App., Doc. 12 at 76 (Request for Admission Nos.

14-15, signed on July 30, 2018). The Notice of Acceleration informed Arias that Wells Fargo, as both the mortgage servicer for the Note and mortgagee for the Deed of Trust, would "initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with [Arias's] real estate loan," pursuant to § 51.0025 of the Texas Property Code, and notified Arias that the Property would be sold at the Dallas County Courthouse on February 6, 2018. Def.'s App., Doc. 12 at 66.

On February 5, 2018, Arias filed the Petition and Application for Temporary Restraining Order (Doc. 1-4) in County Court at Law Number One of Dallas County, Texas, alleging that Wells Fargo had violated the Texas Debt Collection Act (the "TDCA") and the Texas Property Code, and asserting a claim for breach of contract.[2] The Petition asserts that Wells Fargo lacked the authority to initiate foreclosure proceedings against Arias; failed to provide him with certain notices required by law prior to initiating foreclosure proceedings; made fraudulent representations about the amount of debt owed by him; and breached the express terms of the Deed of Trust. On February 6, 2018, the presiding state judge granted the restraining order, which temporarily enjoined Wells Fargo from threatening or initiating a foreclosure action for the Property. Doc. 1-7. On February 19, 2018, Wells Fargo removed the action to federal court on the basis of diversity jurisdiction. Arias continues to retain possession of the Property and has not made a mortgage payment since July 2017. Def.'s App., Doc. 12 at 77 (Request for Production 17-18).

On October 22, 2018, Defendant moved for summary judgment on all claims asserted by Plaintiff in the Petition. Docs. 10-11. Defendant first argues that it has authority to foreclose based on its statuses as both the "mortgagee" to the Deed of Trust and "mortgage servicer" of the Note. Second, Defendant argues that it did not violate the TDCA because the evidence shows that it

---

[2] The Petition also seeks a declaratory judgment that any deed to the Property executed pursuant to a substitute trustee's sale on February 6, 2018, and any conveyance since such sale, be rendered void by the court. As the sale did not take place on February 6, 2018, due to the commencement of this litigation, and in light of Arias's continued possession of the Property, this request is now moot.

**Memorandum Opinion and Order – Page 3**

provided Arias with the notices required under the Texas Property Code, and Arias has failed to set forth any evidence that Defendant made fraudulent representations about the amount of debt owed by him, or that Defendant improperly collected certain interest or fees. Third, Defendant argues that, as a matter of law, Plaintiff may not assert a private right of action under the Texas Property Code and, even if he could, the evidence shows that Defendant complied with the relevant provisions under that statute. Finally, Defendant argues that it is entitled to judgment as a matter of law on Arias's breach of contract claim because he failed to allege a breach or specify a contractual provision in the Deed of Trust that was breached.

## II.   Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent

summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

#### A. Texas Debt Collection Act Claims

##### 1. Threatening to Take an Action Prohibited by Law

Plaintiff asserts that Defendant violated § 392.301(a)(8) of the TDCA, which prohibits a debt collector from "threatening to take an action prohibited by law." Tex. Fin. Code Ann. § 392.301(a)(8) (West 2016). Arias asserts that Defendant threatened to take an action prohibited by law in violation of the TDCA because: (1) Defendant failed to give notice before giving the notice of acceleration and the notice of sale in compliance with Texas Property Code § 51.002(b) (requirements for a notice of sale) and § 51.002(d) (requirements for a notice of default); and (2) alternatively, to the extent it gave such notice, Defendant lacked the capacity as "mortgagee" to issue such notices stating that it intended to effect a foreclosure sale of the property. Pl.'s Original Pet., Doc. 1-4 at 4-5.

With respect to whether Wells Fargo provided a notice of sale that conformed with the requirements of § 51.002(b), this issue is moot, as Arias maintains possession of the Property, and the record does not show that Wells Fargo has taken further steps to foreclose the Property aside from sending the Notice of Acceleration indicating an intent to sell the Property on February 6, 2018, which did not transpire due to the filing of this lawsuit. With respect to whether Wells Fargo gave Arias notice pursuant to § 51.002(d), the court determines that the Notice of Default sent by Wells Fargo on September 15, 2017—which Arias concedes he received—satisfied the statutory requirements as a matter of law. *See* Def.'s App., Doc. 12 at 76 (Request for Admission Nos. 12-13, signed on July 30, 2018) (admitting that Arias received the Notice of Default).

Section 51.002(d) of the Texas Property Code states in part:

> Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of

**Memorandum Opinion and Order – Page 6**

> trust or other contract lien on real property used as the debtor's
> residence with written notice by certified mail stating that the debtor
> is in default under the deed of trust or other contract lien and giving
> the debtor at least 20 days to cure the default before notice of sale
> can be given under Subsection (b).

Tex. Prop. Code Ann. § 51.002(d) (West 2014). Wells Fargo produced an authenticated letter[3] sent by it to Arias by certified mail on September 15, 2017, notifying him that he was delinquent on his loan in the amount of $1,635.62. Def.'s App., Doc. 12 at 58. The letter stated that Arias had until October 20, 2017—more than the twenty days required by law—to cure the default and avoid acceleration of the debt. *Id*. As the letter complied with Section 51.002(d) of the Texas Property Code, the court determines that Defendant is entitled to judgment as a matter of law with respect to Arias's claim that it failed to provide notice pursuant to this provision.

The court further determines that Defendant, as both the mortgage servicer of the Loan and assignee of the Deed of Trust, was entitled as a matter of law to send the Notice of Default and initiate foreclosure proceedings against Arias.

---

[3] The letter provided in Wells Fargo's Appendix in support of its Motion for Summary Judgment is authenticated by the Declaration of Jacqueline Hunter, made under penalty of perjury, and signed and dated by Ms. Hunter. Def.'s App., Doc. 12 at 4-6. The declaration states that Ms. Hunter is the Vice President Loan Documentation for Wells Fargo and states that the Notice of Default, attached as Exhibit A-3, "is a true and correct copy of a notice of default dated September 15, 2017, which . . . was sent to Gustavo Arias by certified mail to the Property address." *Id*., ¶ 5(c). In Arias's Response to Wells Fargo's Motion for Summary Judgment, he objects to the admissibility of Ms. Hunter's declaration on the basis that she lacks personal knowledge of the documents that her declaration seeks to authenticate. The court determines that Ms. Hunter, in her capacity as Vice President Loan Documentation for Wells Fargo Bank, has personal knowledge of the documents to which she attests, and accordingly **overrules** Arias's objection. Ms. Hunter states that she has access to the loan records, including the Notice of Default, and knows how they are maintained. Def.'s App., Doc. 12 at 4, ¶ 2. She further states that she has had access to and reviewed the loan records relating to Arias and the Property. *Id*., ¶ 3. The court finds that these statements, and Ms. Hunter's capacity in her role at Wells Fargo, sufficiently establish that her declaration adequately authenticates the documents to which she attests are true and correct copies, including the Notice of Default. Moreover, the court determines that the Notice of Default is a business record that is admissible under Federal Rule of Evidence 803(6), as Defendant correctly argues in its Reply. *See* Def.'s Reply, Doc. 18 at 3. In the declaration, Ms. Hunter states that the loan records, which include the Notice of Default and which are electronically stored, are "kept in the course of Wells Fargo's regularly conducted activity and it is the regular practice of Wells Fargo to make the records in the Loan Records," and "[t]he entries in the Loan Records are made at or near the time of those events and conditions from information provided by people with such first-hand knowledge." Def.'s App., Doc. 12 at 4, ¶ 2. The court further determines that Ms. Hunter is a qualified witness to set forth these requisite conditions for an admissible hearsay record pursuant to Federal Rule of Evidence 803(6)(D), as she demonstrates that she "can explain the record keeping system of the organization and vouch that the requirements of Rule 803(6) are met." *United States v. Brown*, 553 F.3d 768, 792 (5th Cir. 2008).

Section 51.0025 of the Texas Property Code governs the administration of foreclosure proceedings by a mortgage servicer on behalf of a mortgagee. This provision states:

> A mortgage servicer may administer the foreclosure of property under Section 51.0025 on behalf of a mortgagee if:
>
> (1) The mortgage servicer and the mortgage have entered into an agreement granting the current mortgage servicer authority to service the mortgage; and
>
> (2) The notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgage under a servicing agreement with the mortgage and the name of the mortgagee and: (A) the address of the mortgagee; or (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.

Tex. Prop. Code Ann. § 51.0025 (West 2014). In this case, Wells Fargo has set forth evidence that it was both the mortgage servicer of the Loan and mortgagee with authorization to foreclose on the Property. The Note executed by Arias designated Wells Fargo as the mortgage servicer of the loan for the original lender, NTFN, Inc., *see* Def.'s App., Doc. 12 at 9-10, and Wells Fargo became the mortgagee with respect to the Property when MERS, as nominee for NTFN, assigned it the security instrument for the Property, the Deed of Trust, *see* Def.'s App., Doc. 12 at 86-89. Under the Texas Property Code, a "mortgagee" is defined as "the grantee, beneficiary, owner, or holder of a security instrument," or, "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." Tex. Prop. Code Ann. § 51.0001(4)(A), (C) (West 2014). In its Appendix, Wells Fargo produces authenticated copies of both the Note and the Corporate Assignment of the Deed of Trust establishing its status as both mortgage servicer and mortgagee with respect to the loan for the Property. Def.'s App., Doc. 12 at 9-10, 86-89. Defendants further argue that its rights as assignee under the Deed of Trust specifically authorize it to foreclose and sell the Property. Def.'s Mot. for Summ. J., Doc. 11 at 13 (citing *Martins v.*

*BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253-56 (5th Cir. 2013) for the proposition that an assignee of deed of trust holds power to foreclose).

In response, Plaintiff argues that there are "potentially fatal defects in the chain of title" that raise questions about the validity of an "appointment(s) of trustees (or, for that matter, an assignment made by a putative nominee)." Pl.'s Resp., Doc. 16 at 5. Plaintiff cites case authority relating to a homeowner's right "to challenge the chain of assignments by which a party claims the right to foreclose." *Id.* at 4. Plaintiff fails, however, to produce *any* summary judgment evidence to raise a genuine dispute of material fact that MERS's assignment of the Deed of Trust to Wells Fargo was defective, that there was a subsequent assignment made after Wells Fargo became the assignee, or that any other circumstance exists that might raise a factual dispute regarding the chain of assignments evidenced by Wells Fargo in its appendix. The court, therefore, determines that no genuine dispute of material fact exists as to whether Wells Fargo is the assignee of record for the Deed of Trust.

The court, moreover, determines that Wells Fargo, as the mortgage servicer and mortgagee, has the authority to foreclose on the Property. As mortgage servicer of the Loan, Wells Fargo has authority to administer foreclosure proceedings pursuant to § 51.0025 of the Texas Property Code. As mortgagee, Wells Fargo also has authority to foreclose on the Property pursuant to the terms set forth in the Deed of Trust explicitly authorizing it to do so. *See Jones v. Deutsche Bank Nat'l Trust Co.*, 2014 WL 3375032, at *5 (N.D. Tex. 2014) (J. Lindsay) (holding that the mortgagee, who was an assignee to a Deed of Trust from MERS, had authority to foreclose on the Property pursuant to the Deed of Trust). Accordingly, as Wells Fargo has set forth competent evidence that it has authority to foreclose on the Property, it is entitled to judgment as a matter of law with

respect to Plaintiff's claim that it lacked authority to issue the Notice of Default and Notice of Acceleration in violation of § 392.301(a)(8) of the Texas Finance Code.

### 2. Threats or Coercion

In his Petition, Arias asserts that Wells Fargo violated § 392.303(a)(2) of the TDCA, which provides that a debt collector "may not use unfair or unconscionable means" by "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless [it] is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code Ann. § 392.303(a)(2) (West 2016). Arias alleges that Wells Fargo violated this provision by committing the following acts:

> 1. Defendant has failed to properly account for and acknowledge payments made through at least July, 2017 and consequently has demanded payment from Plaintiffs of sums in excess of those permitted under the Note and Deed of Trust, and
>
> 2. Defendant has threatened to conduct one or more substitute trustee's sales of the Property, and thus to deprive Plaintiffs of title, use and possession of the Property thereby.

Pl.'s Pet., Doc. 1-4 at 6. The second ground asserted by Plaintiff does not relate to an unfair or unconscionable collection effort by a debt collector related to interest, charges, fees, or incidental expenses, and, therefore, is not a proper basis for this claim.

With respect to the first ground asserted by Plaintiff, Wells Fargo argues that it is entitled to judgment as a matter of law on this claim because, first, Arias has failed to set forth evidence of any specific unauthorized fees or penalties that Wells Fargo allegedly imposed. Def.'s Mot for Summ. J., Doc. 11 at 15. Defendant cites numerous cases in support of the proposition that a general assertion of "wrongful charges" is insufficient to state a claim under Section 392.303(a)(2). *See, e.g., Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014) (holding that the plaintiff's conclusory allegation that Wells Fargo "imposed numerous charges" that were

"unfair and unconscionable" constituted a general assertion of "wrongful charges" that was insufficient to state a claim under Section 392.303(a)(2)). Plaintiff's Response wholly fails to respond to this argument or offer any summary judgment evidence of any specific demands by Wells Fargo for Arias to pay "sums in excess of those permitted under the Note and Deed of Trust." When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (explaining that a plaintiff, "in his opposition to a motion for summary judgment cannot abandon an issue and then . . . by drawing on the pleadings resurrect the abandoned issue."). Accordingly, with respect to Arias's assertion that Wells Fargo imposed charges in violation of § 392.303(a)(2), he has abandoned this ground as a basis for his claim.

Arias also contends that Defendant violated this provision by failing to properly account for and acknowledge payments he made through July 2017. Defendant argues that these allegations "do not implicate § 392.303(a)(2), which includes no reference to 'account[ing] for and acknowledg[ing]' payments on a loan." Def.'s Mot. for Summ. J., Doc. 11 at 16. The court agrees and, furthermore, Plaintiff failed to respond to this argument, and, accordingly, he has abandoned this claim.

As Plaintiff has failed to set forth any evidence to support his conclusory allegations regarding improper fees imposed by Wells Fargo, and further abandoned his claim by failing to defend it in his response, there is no genuine dispute as to any material fact regarding this claim. Defendant, therefore, is entitled to judgment as a matter of law with respect to Plaintiff's claim brought under § 392.303(a)(2) of the TDCA.

### 3. Fraudulent, Deceptive, or Misleading Representations

In his Petition, Arias alleges that Wells Fargo violated §§ 392.304(a)(8) and (19) of the TDCA, which respectively prohibit a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding" and "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Arias alleges that Wells Fargo violated this provision by committing the following acts:

> 1. Wells [Fargo], for itself or for an unknown third party, failed to properly account for and acknowledge payments made through at least July, 2017 and as a result of wrongful acceleration of the Note has refused to recognize and abide by the terms of the Note and Deed of Trust and refused payment from Plaintiffs;
>
> 2. Defendant demanded Plaintiff pay one or more sums above the amounts provided by the Note and Deed of Trust and/or that were not owed to Defendant [sic];
>
> 3. Defendant deceptively accepted Plaintiff's request that the Loan be considered for modification in the second half of 2017, then Wells [Fargo] personnel later denied having ever received such request, and subsequently Wells [Fargo] personnel advised Plaintiff that he would not be considered, or could not be considered for a modification since the Loan had been modified in 2015, yet no record of such modification appears in the Records.

Pl.'s Pet., Doc. 1-4 at 6.

With respect to the second ground for Arias's claim, the court, in the prior section of this opinion, determined that he failed to set forth evidence that he was improperly charged for sums in excess of the amounts provided by the Note and Deed of Trust. With respect to the first ground for Arias's claim, Wells Fargo argues that it is entitled to judgment as a matter of law because Arias has set forth no evidence showing that Wells Fargo failed to properly account for and acknowledge payments that he submitted towards his loan. Def.'s Mot. for Summ. J., Doc. 11 at

17. Wells Fargo further contends that, contrary to Arias's assertion that Wells Fargo wrongfully accelerated the Note based on its failure to account for certain payments, Arias admitted that he failed to make one or more payments on the loan in 2017. Def.'s App., Doc. 12 at 76 (Request for Admission No. 11). Wells Fargo does not address Arias's allegations in his third ground for relief regarding communications he allegedly had with Wells Fargo employees about a modification to his loan in 2015.[4]

In response, Arias fails to address Wells Fargo's argument regarding his first ground for relief—relating to allegations that Wells Fargo failed to properly account for and acknowledge certain payments—and, therefore, he has abandoned his claim to the extent it relies on this ground. *Black*, 461 F.3d at 588 n.1; *Hargrave*, 710 F.2d at 1154. Furthermore, Arias does not produce any evidence that the authenticated and complete loan records in Wells Fargo's appendix (Exhibits A-1 through A-3) are inconsistent with payments that he paid or communications that he had with Wells Fargo personnel regarding the terms of his Loan and any modification that might have been made to it. As Wells Fargo has produced competent evidence that it maintained an accurate loan history reflecting Arias's payments, and Arias has failed to come forward with competent summary judgment evidence that raises a genuine dispute of material fact as to whether the loan history properly reflects the payments he made, Defendant is entitled to judgment as a matter of law on Arias's claim under §§ 392.304(a)(8) and (19) of the TDCA with respect to the first and second grounds alleged in the Petition. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. The third

---

[4] As Defendant does not raise this ground in its Motion for Summary Judgment, Plaintiff was under no obligation to address it in his Response. Therefore, the issue of whether this third ground for Arias's claim brought pursuant to §§ 392.304(a)(8) and (19) of the TDCA —regarding representations allegedly made by Wells Fargo about a modification to his loan—is pending before the court. As directed in the Conclusion of this opinion, the court **instructs** Defendant to address this ground in a supplement to its Motion for Summary Judgment.

**Memorandum Opinion and Order – Page 13**

ground—regarding alleged communications by Wells Fargo personnel about a modification to Arias's loan—remain pending.

B.   **Texas Property Code Claims**

In his Petition, Arias asserts that Wells Fargo violated §§ 51.002(d) and (b) of the Texas Property Code by failing to follow the notice requirements pursuant to those subsections and based on Wells Fargo's lack of capacity to foreclose. These arguments are identical to those made in support of Plaintiff's claim asserted under § 392.301(a)(8) of the TDCA, which were resolved in Section III(A)(1) of this opinion.

Defendant argues in its Motion for Summary Judgment that § 51.002 of the Texas Property Code does not create a private cause of action and, rather, simply "establishes the procedures for conducting a foreclosure sale." Def.'s Mot. for Summ. J., Doc. 11 at 18 (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 569 (Tex. 2001)). In response, Plaintiff concedes that violations of the Texas Property Code provide a basis for TDCA claims and that he "does not assert a private right of action under Texas Property Code Chapter 51." Pl.'s Resp., Doc. 16 at 5.

"Although the Texas Supreme Court has not decided this issue, the federal district courts that have addressed it seem to conclude that Section 51.002(d) does not intend an independent private cause of action." *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 830 n.2 (5th Cir. 2015) (declining to decide the issue). As the Texas Supreme Court has yet to decide this issue and the Fifth Circuit has declined to decide it in spite of federal district courts weighing in on it, this court likewise will not take up the issue of whether § 51.002 of the Texas Property Code creates a private cause of action. The court need not make this determination in light of its rulings in Section III(A)(1) of this opinion that Wells Fargo has set forth evidence that establishes as a matter of law that it complied with § 51.002(d) of the Texas Property Code and that the issue of whether it

complied with § 51.002(b) is now moot. Accordingly, Wells Fargo is entitled to judgment as a matter of law with respect to this claim.

### C. Breach of Contract Claim

Arias asserts a breach of contract claim based on Wells Fargo's alleged violations of § 51.002(d) and (b) of the Texas Property Code. Pl.'s Pet., Doc. 1-4 at 8. Arias contends that such violations "breached the express terms of the Deed of Trust contract." *Id.*

Defendant argues that it is entitled to judgment as a matter of law as to this claim because the summary evidence shows that it did not violate the asserted subprovisions of § 51.002. Def.'s Mot. for Summ. J., Doc. 11 at 19. Accordingly, as proof of breach is an essential element of the claim, Defendant argues Arias has failed to set forth evidence that it committed the alleged breaches underlying his claim. Defendant further argues that Arias fails to assert a specific contractual provision of the Deed of Trust that it allegedly breached. Defendant also argues that it acted pursuant to its rights under the Deed of Trust when it sent the Notice of Default and Notice of Acceleration. In response, Arias does not cite any specific provision of the Deed of Trust that Wells Fargo allegedly breached and, rather, asserts that the violations of §§ 51.002(d) and (b) are actionable as claims under the Texas Debt Collection Act, without explaining how the alleged violations support his breach of contract claim. Pl.'s Resp., Doc. 16 at 6.

The court determines that Arias has failed to set forth any evidence that Defendant breached the Deed of Trust based on alleged violations of § 51.002(d) and (b). The court, in section III(A)(1) of this opinion, concluded that Defendant violated neither provision. Moreover, the Deed of Trust specifically authorizes Defendant to send a Notice of Default and Notice of Acceleration, and, therefore, as a matter of law, Wells Fargo could not have breached the agreement by issuing such notices. In his response, Arias fails to cite any specific provision of

the Deed of Trust that Defendant allegedly breached and, therefore, the court cannot ascertain any other grounds for this claim. As Plaintiff has failed to produce competent summary judgment evidence that Defendant breached a provision of the Deed of Trust, there is no genuine dispute of material fact regarding the breach of contract claim. Accordingly, Defendant is entitled to judgment as a matter of law on Plaintiff's breach of contract claim.

## IV. Conclusion

For the reasons herein stated, the court determines that Plaintiff has failed to raise a genuine dispute of material fact as to his claims asserted pursuant to the TDCA and the Texas Property Code, his breach of contract claim, and his request for declaratory relief to the extent herein stated. The court accordingly **grants** Defendant's Motion for Summary Judgment (Doc. 10) to the extent that it **dismisses with prejudice** all claims asserted by Plaintiff in the Petition (Doc. 1-4), except for the claim based on §§ 392.304(a)(8) and (19) of the TDCA, as asserted in Plaintiff's third ground for relief, regarding alleged deceptive representations made by Wells Fargo personnel regarding a modification made to Arias's loan. As set forth in footnote four of this opinion, the court **directs** Defendant to address this ground in a supplement to its Motion for Summary Judgment by **Friday, June 21, 2019, 5:00 p.m**. The supplement cannot exceed **seven pages**, and any appendix is limited to ten pages. Plaintiff may respond by **Thursday, June 27, 2019, 12:00 p.m.**, and the response also cannot exceed **seven pages**, with the **same** page limitations regarding Plaintiff's response and appendix. No reply may be filed without leave of court.

**It is so ordered** this 18th day of June, 2019.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge