IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GUSTAVO ARIAS,                    §
      *Plaintiff,*            §
                               §
v.                                §          C. A. No. 3:18-cv-00418-L
                               §
WELLS FARGO BANK, N. A.,          §
      *Defendant.*            §

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff GUSTAVO ARIAS, by and through the undersigned counsel, asks that this Court issue a temporary restraining order, for reasons set forth in his pleadings filed herein including any declaration(s) of counsel incorporated therein, and as set forth below, restraining any non-judicial foreclosure sale depriving Plaintiff of the title, use or possession of the Property.

## JURISDICTION/VENUE

1.     This Court has pendent jurisdiction of the TDCA, wrongful foreclosure and breach claims pursuant to 28 U.S.C. §1367. This Court has authority to issue a temporary restraining order, injunction and permanent injunction under the terms of 28 U.S.C. §2283, applying also 42 U.S.C. §1983.

2.     Venue is proper in this district because the real property at issue in this case is in the Northern District of Texas, and because communications notifying Plaintiff of the foreclosure were issued from Defendant's agents in Dallas County into Dallas County, Texas, in the Northern District, the acts and omissions complained of below with respect to the servicing of the loan to Plaintiff occurred

in, and the Property defined below is situated in, the Northern District of Texas.

## THE PARTIES

3.      Plaintiff is a citizen of the State of Texas. Plaintiff is a "consumer" as defined by Tex. Finance Code §392.001(1). Defendant is engaged in the business of collecting consumer debts in this jurisdiction. A principal purpose of the Defendant's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Defendant is a "debt collector" as defined by Tex. Finance Code §392.001(5). Defendant may even prove to be a "third-party debt collector" as defined by Tex. Finance Code §392.001(6).

4.      Defendant has appeared and answered herein, and sought dismissal of the Plaintiff's claims, which has been granted in part and denied in part.

## BACKGROUND

5.      The Note and the Security Instrument are as defined in Plaintiff's pleadings.

6.      The Property is Lot 22B, in Block B/8827, of Vad Addition, Phase One, an Addition to the City of Dallas, Dallas County, Texas, according to the map thereof recorded under CC# 20080185319, of the Real Property Records of Dallas County, Texas, known locally as 1737 Beauford Road, Dallas, Texas 75253.

## INJUNCTIVE RELIEF NECESSARY

7.      Plaintiff has been given notice by Defendant that Defendant will have its substitute trustee(s) conduct a non-judicial foreclosure sale of the Property tomorrow, July 2, 2019.

8.      Plaintiff has equity in the Property, which is his residential homestead.

9.     Defendant filed a Motion to Dismiss, which was granted in part but denied in part, and Plaintiff still has a substantial live claim which relates directly to the attempts of Defendant to foreclose the claimed lien on the Property in spite of having offered modification of the loan when having withdrawn the possibility of modification to the detriment of Plaintiff, jeopardizing his use and possession of his home.

10.    Plaintiff incorporates his complaint, detailing the state of the public record to the time of filing of his pleading and the conduct of Defendant in servicing the Loan.

11.    Substantial recovery by Plaintiff is still probable, the possibility of statutory and actual damages, and his recovery of fees and costs. The risk to Defendant associated with issuance of a temporary restraining order is truly minimal, and issuance of such an order would be in the public interest and specifically in the interest of the integrity of the banking and home lending system that the Congress and the Texas legislature have addressed in numerous statutes.

12.    The instant case is one in which, as to the title issues' impact on possession of the Property, "plaintiff's right, if any, to litigate the issues in a state court appears more theoretical than real" and where the Court may validly conclude that "the factual basis on which to invoke the prohibition of [28 U.S.C.] §2283 may be enjoined 'in aid of . . [the district court's] jurisdiction." *Caulder v. Durham Housing* Authority, 433 F.2d 998, 1001 (4th Cir. 1970). "In short, both governmental and individual interests are furthered by affording due process in the eviction procedure." *Caulder*, at 1003.

13.    <u>Injunctive Relief is Appropriate Under Texas Law</u>. Injunctive relief is appropriate in a situation like the instant case to bar enforcement even of a writ of possession that might be issued, where there is a bona fide title question affecting residential homestead property. *Ogden v. Coleman*,

660 S.W.2d 578, 582; 1983 Tex.App. LEXIS 5207 at *7-11 (Tex.App.–Corpus Christi 1983),[1] and otherwise Texas courts have liberally sought to protect homeowners' interest in their property by injunctive relief where, as with Plaintiff, there is no adequate remedy at law.[2]

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Temporarily restrain, and afterward temporarily and then permanently enjoin, any action to conduct to permit a trustee's sale of the Plaintiff's residential Property;

2. Grant Plaintiff such other and further relief as this Court deems just and proper.

---

[1] ". . . [legal] remedies would not have alleviated the present irreparable harm being suffered . . . the last peaceable noncontested status of the property pending the controversy which was the issue of title was at the time when the appellee was in possession of the property.  We hold that no other legal remedy which would have restored that status other than injunction." *Ogden,* id.

[2] Mike Baggett observes in his treatise, *Texas Foreclosure: Law and Practice*, in §11.19: ". . . trial courts routinely determine that the debtor's legal remedies are inadequate."  Later, in §11.20: "Generally, the ownership of real property and the threat of interference with such ownership is considered sufficient reason for invoking the equitable powers of a trial court.  It is well established that real property is unique. . . .[Debtors] generally have no difficulty in establishing the inadequacy of their available legal remedies."

Respectfully submitted,

*/s/ Michael Brinkley*

_____

**Michael Brinkley**
SBN 03004300
BRINKLEY LAW PLLC
P. O. Box 820711
Fort Worth, Texas 76182-0711
817.284.3535 local
888.511.0946 fax
michael@brinkleypllc.com
Attorney for Plaintiff

## Certificate of Conference

On Monday, July 1, 2019, I attempted to confer with Robert Mowrey, Brenda Hard-Wilson and Jennifer Kinney Parnell, counsel for Defendant, regarding the relief to be sought in this Application, and Ms. Kinney has indicated that Wells Fargo is opposed to any injunctive relief and requests notice of any hearing if one occurs. I also attempted to confer with Ryan Bourgeois and with Lauren Christoffel of the Barrett Daffin Frappier Turner & Engel law firm that issued the notices of substitute trustee's sale of the Property, and Ms. Christoffel informed me that so far as the Barrett firm was concerned the sale would proceed unless restrained; she did not ask to be heard.

*/s/ Michael Brinkley*

_____

**Michael Brinkley**

## Declaration

I declare, under penalty of perjury, that each statement of fact in the foregoing Application which pertains to matters related to modification or attempted modification of the loan is true and correct of my own personal knowledge. I make this declaration July 1, 2019 at Dallas, Texas. I am the Plaintiff and am authorized to make this declaration.

**Gustavo Arias**

## Certificate of Service

I certify that a true and correct copy of the foregoing has been served on the following counsel and/or pro se parties of record, via fax, on the date shown.

**Robert T. Mowrey**
**Brenda Hard-Wilson**
**Jennifer Kinney Parnell**
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: 214.740.8000
Facsimile: 214.740.8800
rmowrey@lockelord.com
brenda.hard-wilson@lockelord.com
jkinney@lockelord.com
Attorneys for Defendant Wells Fargo Bank, N. A.

Dated: July 1, 2019.

/s/ Michael Brinkley

_____

**Michael Brinkley**