# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| GUSTAVO ARIAS, | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. 3:18-CV-00418-L |
| WELLS FARGO BANK, N.A., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's Supplement to Motion for Summary Judgment (Doc. 29), filed June 21, 2019; and Plaintiff's Motion for Temporary Restraining Order (Doc. 30), filed July 1, 2019. After carefully considering the supplement, motion, record, and applicable law, the court **grants** Defendant's Supplement to Motion for Summary Judgment (Doc. 29); **dismisses with prejudice** the remaining claim in this action based on §§ 392.304(a)(8) and (19) of the Texas Debt Collection Act ("TDCA"), as asserted in Gustavo Arias's ("Plaintiff" or "Arias") third ground for relief with respect to this claim, regarding alleged deceptive representations made by Wells Fargo personnel in 2017 about a potential modification to Plaintiff's loan[*]; and **denies** Plaintiff's Motion for Temporary Restraining Order (Doc. 30).

### I.    Factual and Procedural Background

On June 18, 2019, the court granted Defendant Wells Fargo Bank's ("Defendant" or "Wells Fargo") Motion for Summary Judgment (Doc. 10) to the extent that it dismissed with prejudice all claims asserted by Arias in his Original Petition (the "Petition"), except for the claim based §§

---

[*] Although the court allowed Arias to file a response to the supplement, he elected to not do so.

**Memorandum Opinion and Order – Page 1**

392.304(a)(8) and (19) of the TDCA, as asserted in Plaintiff's third ground for relief with respect to this claim.

Sections 392.304(a)(8) and (19) of the TDCA respectively prohibit a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding" and "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code Ann. § 392.304(a)(8) and (19) (West 2016). In his Petition, Arias asserts three grounds for relief in support of his claim pursuant to these provisions. The third ground states:

> Defendant deceptively accepted Plaintiff's request that the Loan be considered for modification in the second half of 2017, then Wells [Fargo] personnel later denied having ever received such request, and subsequently Wells [Fargo] personnel advised Plaintiff that he would not be considered, or could not be considered for a modification since the Loan had been modified in 2015, yet no record of such modification appears in the Records.

Pl.'s Pet., Doc. 1-4 at 6.

Wells Fargo moved for summary judgment on this claim with respect to the first two grounds for relief, which the court granted. *See* Doc. 28 12-14. The court noted that Wells Fargo did not address Arias's allegations raised in the third ground for relief and, accordingly, did not grant summary judgment on that ground. The court directed Wells Fargo to address this ground in a supplement to its Motion for Summary Judgment by June 21, 2019, 5:00 p.m. On June 21, 2019, Wells Fargo timely filed its Supplement to Motion for Summary Judgment (Doc. 29). The court directed Arias to file a response by Thursday, June 27, 2019, 12:00 p.m. Arias failed to file a response by the court's deadline. On July 1, 2019, Arias filed the Application for Temporary Restraining Order (Doc. 30) to request the court to enjoin Wells Fargo from initiating non-judicial foreclosure sales on the property at issue.

## II. Motion for Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment

evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Arias filed no response to the supplemental summary judgment motion. When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned. *See Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (explaining that a plaintiff, "in his opposition to a motion for summary judgment cannot abandon an issue and then . . . by drawing on the pleadings resurrect the abandoned issue.").

### III. Analysis

#### A. Supplement to Motion for Summary Judgment

As a preliminary matter, the court determines that Arias has abandoned his remaining claim by failing to respond to Wells Fargo's Supplement to Motion for Summary Judgment. *Panola Sch. Dist.*, 461 F.3d at 588 n.1. The court further determines that, even if Arias had not abandoned this claim, he has failed to raise a genuine dispute of material fact with respect to it, and Defendant is, therefore, entitled to judgment as a matter of law.

Wells Fargo offers several arguments in support of its motion. First, it argues that Arias has failed to produce any summary judgment evidence to the court of the existence of any alleged oral promise by Wells Fargo that he was eligible for a loan modification. Def.'s Supp. to Mot. for Summ. J., Doc. 29 at 2. Second, it argues that Arias has failed to show evidence that he suffered an actual, foreseeable injury, which is required to successfully maintain an action under Texas Law. *Id*. at 3. Wells Fargo argues Arias has not suffered the requisite damages because he successfully obtained a temporary restraining order in state court preventing the foreclosure sale, and he continues to reside in the property. *Id*.

Third, Wells Fargo argues that, to allege a claim under § 392.304(a)(8), a plaintiff may not rely on statements regarding a potential modification of the debt. Def.'s Mot. for Summ. J., Doc. 29 at 3. It argues that, rather, to state a claim under this subdivision, a plaintiff must set forth evidence that the defendant made misleading statements about the amount, character, or nature of the original debt. *Id*. It argues that Arias has not alleged that "any purported misrepresentations caused him to believe that he: (1) did not have a mortgage debt of the specific amount he owed; or (2) had not defaulted, both of which are required to state a claim for violation of Section 392.304(a)(8) of the TDCA." *Id*. at 4.

With respect to this third argument, the court agrees with Defendant. Section 392.304(a)(8) prohibits "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." Tex. Fin. Code Ann. § 392.304(a)(8) (West 2016). "To violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was false or misleading." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (citations omitted). To be actionable under § 392.304(a)(8), the statement must "relate to the character, extent, or amount of the debt— categories that do not encompass statements about loan-modification applications and the postponement of foreclosure." *Rabe v. Wells Fargo Bank, N.A.*, 616 F. App'x 729, 734 (5th Cir. 2015) (citing *Thompson*, 783 F.3d at 1026). Defendant cites several cases in support of this statement of law that representations regarding a potential loan modification do not give rise to a claim under § 392.304(a)(8) because they do not relate to the character, extent, or amount of the debt. Def.'s Mot. for Summ. J., Doc. 29 at 3-4 (citing *Bracken v. Wells Fargo Bank, N.A.*, 13 F. Supp. 3d 673, 684 (E.D. Tex. 2014), *aff'd*, 612 F. App'x 248 (5th Cir. 2015); *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014*); Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012)).

The court has reviewed the authority cited by Wells Fargo and determines that it is well-settled law that "statements regarding loan modifications do not concern the 'character, extent, or amount of a consumer debt' under section 392.304(a)(8)." *Chavez*, 578 F. App'x at 348 (quoting *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013)). Arias, therefore, may not, as a matter of law, base his § 392.304(a)(8) claim on allegations regarding communications with Wells Fargo that he would be considered for a loan modification in 2017, and subsequently told that he would no longer be considered due to a previous loan modification

approved in 2015. Pl.'s Pet., Doc. 1-4 at 6. Arias does not make any allegations, or set forth any competent summary judgment evidence, that Wells Fargo personnel made misrepresentations about the character, extent, or amount of his debt during the course of any discussions. Accordingly, the court determines these allegations are insufficient to state a claim under § 392.304(a)(8) of the TDCA and **grants** Defendant's motion with respect to this provision.

With respect to Arias's claim under § 392.304(a)(19), Wells Fargo cites authority for the proposition that a debt collector does not make a false representation or use deceptive means in violation of this provision when it makes representations to a debtor about potential loan modifications. Def.'s Mot for Summ. J., Doc. 29 at 5 (citing *Thompson*, 783 F.3d at 1026; *Thomas*, 499 F. Ap'x at 343). After reviewing the relevant authority, the court determines that Defendant has correctly stated the law, and Arias has failed to raise a genuine dispute of material fact as to this claim solely based on his allegation regarding discussions he had with Wells Fargo concerning his loan modification application.

Section 392.304(a)(19) prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code Ann. § 392.304(a)(8) (West 2016). "Communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its *modification* and thus they do not state a claim under Section 392.304(a)(19)." *Thompson*, 783 F.3d at 1026 (citation omitted). The Fifth Circuit recently reaffirmed its holding in *Thompson v. Bank of Am. Nat. Ass'n*, stating: "[W]e have repeatedly rejected . . . TDCA claims arising from protracted loan-modification discussions that end in foreclosure. *Thompson* establishes that loan modification discussions are not within the scope of § 392.304(a)(19)." *Clark v. Deutsche Bank Nat'l Tr. Co., as trustee for Morgan Stanley ABS Capital I, Inc., Tr. 2006-HE3*, 719 F. App'x 341, 345 (5th Cir. 2018) (citing

*Thompson*, 783 F.3d at 1026; *Bassknight v. Deutsche Bank Nat'l Tr. Co.*, 611 F. App'x 222, 223 (5th Cir. 2015) (per curiam); and *Rabe*, 616 F. App'x at 734-35). After reviewing the authority, the court determines that Arias's allegations regarding discussions concerning a potential loan modification are insufficient as a matter of law to state a claim under § 392.304(a)(19) of the TDCA. Arias, moreover, has not set forth any summary judgment evidence that Wells Fargo at any time misrepresented the amount of debt owed by him, which is necessary to raise a genuine dispute of material fact. The court, accordingly, determines that Wells Fargo is entitled to judgment as a matter of law with respect to Arias's claim asserted under § 392.304(a)(19) regarding any loan modification discussions with Wells Fargo.

### B. Application for Temporary Restraining Order

On July 1, 2019, Arias filed the Application for Temporary Restraining Order ("TRO") to "restrain[] any non-judicial foreclosure sale depriving Plaintiff of the title, use or possession of the Property." Pl.'s App. for TRO, Doc. 30 at 1. Arias asks the court to issue the TRO "for reasons set forth in his pleadings." *Id*. Arias contends that he has given notice by Wells Fargo that it will have its substitute trustee(s) conduct a non-judicial foreclosure sale of the Property today, July 2, 2019. *Id*. at 2, ¶ 7. Arias argues that his remaining claim in this case, asserted under §§ 392.304(a)(8) and (19) of the TDCA relating to the loan modification discussions, is a "substantial live claim which relates directly to the attempts of Defendant to foreclose the claimed lien on the Property." *Id*. at 3, ¶ 9. The Application notably fails to address Wells Fargo's arguments as set forth in its Supplement to Motion for Summary Judgment. The Application further fails to address the four prerequisites for obtaining a temporary restraining order.

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Arias has failed to satisfy the first prerequisite, which requires him to show there is a substantial likelihood that he will prevail on the merits of his claims. For the reasons set forth in this opinion and the court's previous opinion (Doc. 28), the court determines that all of Arias's claims should be dismissed with prejudice because he has failed to raise a genuine dispute of material fact with respect to them. There is, therefore, no likelihood that he will prevail on any of his claims set forth in the Original Petition (Doc. 1-4). The court, accordingly, **denies** the Application for Temporary Restraining Order (Doc. 30).

## IV. Conclusion

For the reasons herein stated, the court determines that Plaintiff has failed to raise a genuine dispute of material fact as to his claim asserted under §§ 392.304(a)(8) and (19) of the TDCA, to the extent the claim is based on allegations that Wells Fargo made representations to him in 2017 regarding a potential modification to his loan. The court accordingly **grants** Defendant's Supplement to Motion for Summary Judgment (Doc. 29); **dismisses with prejudice** Plaintiff's

claim asserted under §§ 392.304(a)(8) and (19) of the TDCA; and **denies** Plaintiffs Motion for Temporary Restraining Order (Doc. 30). As the claim asserted under §§ 392.304(a)(8) and (19) of the TDCA is the last remaining claim in this action, the court **dismisses with prejudice** this action and will issue judgment by separate document as required by Federal Rule of Civil Procedure 58.

    **It is so ordered** this 2nd day of July, 2019.

                                                Sam A. Lindsay
                                                United States District Judge